UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAREINA A SAULS,<br><br>                    Plaintiff,<br><br>        v.<br><br>PIERCE COUNTY, et al,<br><br>                    Defendants. | Case No. 3:25-cv-06089-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.  ORDER

Before the Court is Plaintiff Lareina Sauls's amended motion for reconsideration. Dkt. 14.[1] Ms. Sauls requests that the Court reconsider its denial of her motion for an *ex parte* temporary restraining order ("TRO") requiring Defendants to provide ADA accommodations in her state court proceedings. Dkt. 11.

Motions for reconsideration are "rarely granted." *Colchester v. Lazaro*, No. C20-1571 MJP, 2022 WL 1078573, at *2 (W.D. Wash. Apr. 11, 2022). They "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling

---

[1] Ms. Sauls filed a motion for reconsideration on December 8, 2025. Dkt. 12. She amended this submission the following day. Dkt. 14.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). "'Clear error' for purposes of a motion for reconsideration occurs when 'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" *Baptiste v. LIDS*, No. C 12-5209 PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (quoting *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013)).

Ms. Sauls has not demonstrated that the Court committed clear error or that a change has occurred in the controlling law, nor has she offered newly discovered evidence that the Court must consider.

The Court declined to issue a TRO because Ms. Sauls had not shown her case was likely to succeed on the merits or that she would suffer irreparable harm in the absence of emergency relief—especially considering that *ex parte* TROs require "specific facts" showing "immediate and irreparable injury." Dkt. 11 at 4–5. Ms. Sauls failed to explain "what hearings or rulings are forthcoming, when they may take place, or what types of adverse rulings might result from her inability to obtain accommodations," and "offer[ed] no explanation why any such prejudice could not be addressed on appeal in the state-court matter." *Id*. at 5.

In the present motion, Ms. Sauls argues that she submitted an emergency motion for ADA accommodations that was not "acknowledged, processed, or ruled upon," and that her "TRO ruling was issued while [she] had no ADA supports of any kind." Dkt. 15 ¶¶ 1–4. But the Court acknowledged Ms. Sauls's motion for ADA accommodations and declined to rule on it until after addressing her TRO, which sought emergency *ex parte* relief. Dkt. 10 at 6, n.1.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

Ms. Sauls fails to show how the Court's deferral of her accommodations request impacted her success on the TRO, let alone that the deferral was clear error. While the Court will address Ms. Sauls's requests for accommodations as this case proceeds, those requests do not change the standard of proof required for the extraordinary remedy of an *ex parte* TRO.

Ms. Sauls argues that she now provides "specific, dated, imminent harms" satisfying the *Winter* TRO standard. Dkt. 14 at 2 (*citing Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The declaration she attaches provides no new facts, however, and simply reiterates her conclusory claim that "any hearing without ADA supports would cause irreparable harm, including ADA-tainted rulings, misrepresented facts, and loss of parental rights." Dkt. 15 ¶ 6. Ms. Sauls also withdraws her request for any relief that would reverse previous state-court orders to avoid application of the *Rooker-Feldman* doctrine. Dkt. 14 at 7. But this does not solve the underlying problem that she has not provided sufficient evidence to support emergency relief.

## II. CONCLUSION

For these reasons, the Court DENIES Ms. Sauls's motions for reconsideration. Dkts. 12, 14. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 10th day of December, 2025.

Tiffany M. Cartwright
United States District Judge